## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* Roger J. Ottoman,

                            Debtor.

_____/

Thomas Lee Walkley and Marcia Ottoman,

                            Appellants,

v.

Spectrum Mid-America LLC and Washtenaw County, Michigan,

                            Appellees.

_____/

Case No. 24-13128

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

## ORDER GRANTING APPELLEES' MOTION TO DISMISS APPEAL [8]

Before the Court is Appellees Spectrum Mid-America LLC and Washtenaw County, Michigan's motion to dismiss the appeal for mootness and failure to file a timely brief under Bankruptcy Rule 8018. (ECF No. 8.) For the reasons set forth below, the Court GRANTS the motion and dismisses the case.

In the Sixth Circuit, "[t]he test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006); *see also Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief."). In the bankruptcy proceeding context, when the underlying bankruptcy case is dismissed, "there no longer is any reason to resolve a dispute over automatic stay." *Dates v. HSBC Bank U.S.A., N.A.*, No. 1:13-cv-376, 2014 U.S. Dist. LEXIS 122671, at *2 (S.D. Ohio Sep. 3, 2014) (citing cases).

Applying those same principles here, the Court finds that Appellant's appeal has become moot. Appellants Thomas Walkley and Marcia Ottoman filed this appeal on November 25, 2025. (ECF No. 1.) They appealed the bankruptcy court's order abstaining from hearing the proceeding on permissive abstention grounds, remanding this case back to Washtenaw County Circuit Court, and granting relief from the automatic stay. (*See* ECF No. 1, PageID.5.) Since then, the underlying action in Washtenaw County Circuit Court case (No. 24-000908) has been

closed. The requested reversal of the bankruptcy court's decision would no longer make a difference to the legal interests of the parties.

Moreover, the Court notes that Bankruptcy Rule 8018 requires an appellant to "serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). Rule 8018 further states, "[i]f an appellant fails to file a brief on time or within an extended time authorized under (a)(3), the district court or BAP may—on its own after notice or on the appellee's motion—dismiss the appeal." Fed. R. Bankr. P. 8018(a)(4); *see also* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal.").

Here, on January 6, 2025, the Court ordered Appellants to file their brief by February 5, 2025. (ECF No. 4.) On February 3, 2025, *pro se* Appellant Walkley filed a motion to extend his time to file a brief by 60 days. (ECF No. 5, PageID.1076.) The Court generously granted the motion and extended the deadline for the brief to April 7, 2025. (ECF No. 7.) As of today's date, which is nearly 11 months after the case was first

filed, Appellants have not filed their brief. The Court therefore dismisses the appeal pursuant to Rule 8018(a)(4).

Accordingly, the Court GRANTS Appellee's Motion to Dismiss. (ECF No. 8.) This matter shall be CLOSED.

IT IS SO ORDERED.

Dated: September 12, 2025       s/Judith E. Levy
       Ann Arbor, Michigan       JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2025.

                            s/William Barkholz
                            WILLIAM BARKHOLZ
                            Case Manager